UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-02861-SPG-ACCV** | Date: | August 27, 2026 |
| Title: | ***Ronald Eduardo Gomez-Velasquez v. DHS OPLA*** | | |

| | |
|---|---|
| Present: The Honorable | Angela C. C. Viramontes, United States Magistrate Judge |

| | |
|---|---|
| D. Castellanos | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings (IN CHAMBERS):** **ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

## I. BACKGROUND

On August 19, 2026, the Court ordered the parties to appear at a status conference on August 26, 2026, to discuss the above-listed case. (Dkt. 22.)

At the August 26, 2026 status conference, counsel appeared on behalf of Respondents, but Petitioner's counsel did not appear as ordered.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See* Fed. R. Civ. P. 16(f). Rule 16(f) authorizes the Court to issue

any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980).

Similarly, the Local Rules of the Central District of California provide that "[t]he violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances." C.D. Cal. L.R. 83-7.

## III. DISCUSSION

On August 19, 2026, the Court ordered the parties to appear at a status conference on August 26, 2026, to discuss the above-listed case. (Dkt. 22.) The Court's August 19, 2026 order noted that "[o]therwise, failure to appear at the status conference as ordered or to be prepared to participate in good faith at the conference may lead to sanctions or contempt proceedings." (Dkt. 22 at 2 (citing Fed. R. Civ. P. 16(f); L.R. 41-1, 41-5).)

At the August 26, 2026 status conference, counsel appeared on behalf of Respondents, but Petitioner's counsel did not appear as ordered.

Therefore, Petitioner's counsel is **ORDERED TO SHOW CAUSE** no later than September 2, 2026, why sanctions should not be imposed for Petitioner's counsel's failure to appear at the August 26, 2026 status conference as ordered and for their failure to comply with Court orders and the applicable Federal Rules of Civil Procedure and Local Rules.

**IT IS SO ORDERED.**